## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**AVTONOM MARTUSHEV** and
**TATANIA MARTUSHEV**,

             Debtors.

Case No. **09-60507-7**

**DARCY M. CRUM**,

             Plaintiff.

-vs-

**ALEX MARTUSHEV**,

             Defendant.

Adv No. **10-00035**

## MEMORANDUM OF DECISION

At Butte in said District this 21st day of December, 2010.

In this adversary proceeding brought by the Plaintiff/Trustee Darcy M. Crum to avoid and recover a $2,000 preferential transfer to Defendant under 11 U.S.C. § 547, the Plaintiff has filed a Motion for Summary Judgment (Docket No. 10), including a Statement of Uncontroverted Facts. Defendant Alex Martushev ("Alex") admits the transfer in his answer, but denies liability under § 547(b) and objects to Plaintiff's Motion. Both sides have filed briefs, which have been reviewed by the Court together with the record and applicable law. This matter is ready for

1

decision.  For the reasons set forth below the Court denies Plaintiff's Motion, and finds that

Plaintiff failed to satisfy her burden to show an absence of genuine issue of material fact under

F.R.B.P. 7056 (applying Fed. R. Civ. P. 56 in adversary proceedings).

The parties admit that this Court has jurisdiction of this adversary proceeding under 28

U.S.C. § 1334 and 157.  This is a core proceeding to determine, avoid, and recover a preference

under § 157(b)(2)(F) and § 547(b).  This Memorandum of Decision includes the Court's findings

of fact and conclusions of law with respect to the Plaintiff's Motion, as provided under F.R.B.P.

7052.

## FACTS

The Debtors filed a voluntary Chapter 7 petition on April 1, 2009, and filed their

Schedules and Statement of Financial Affairs ("SOFA") on April 20, 2009.  Debtors' Summary

of Schedules lists total assets in the sum of $1,111,690.00, including real property valued at

$1,055,000, and total liabilities of $1,910,283.96.  Alex is listed on Schedule H as a codebtor of

the Debtors for a debt owed to First Security Bank.  Alex also is listed on the SOFA in response

to question 3c ("Payments to creditors") as receiving a payment in the sum of $2,000.00 on

September 20, 2008.  The Plaintiff was added to the case as Trustee on April 16, 2009.  A

discharge of Debtors was entered on August 18, 2009.

Plaintiff commenced this adversary proceeding by filing a complaint on March 31, 2010.

The prayer for relief requests an order avoiding the preferential transfer and order requiring

Defendant to pay the Trustee $2,000.00, plus costs.  Alex filed an answer denying liability and

asserting affirmative defenses, including allegations that the transfer was part of a

contemporaneous exchange and was payment for construction services that are secured under

2

construction lien law, and prays that Plaintiff take nothing.  Plaintiff filed her Motion for

Summary Judgment, combined with a separate Statement of Uncontroverted Facts and brief.

Plaintiff's Motion (Dkt. 10) contains the following Statement of Uncontroverted Facts

contains the following alleged facts as pages 2-3:

1.  Debtors filed the petition in their bankruptcy case on April 1, 2009.  Main
Docket #1.

2.  Plaintiff Darcy M. Crum is the duly qualified and acting Trustee in this case.
Main Docket #8; Complaint, ¶ 1; Answer, ¶ 1; Discovery Response (attached [] as
Exhibit 1), Admission #1.

3.  Plaintiff filed the Complaint in this adversary proceeding on March 31, 2010.
Main Docket #52.

4.  Defendant Alex Martushev filed his Answer on April 30, 2010.  AP 10-00035
Docket #5.

5.  Debtors are the parents of Defendant.  Main Docket #14, Statement of
Financial Affairs, ¶ 3.c (Payments to creditors-All debtors), p. 28; Answer, ¶ 1.

6.  On September 20, 2008, within one year immediately preceding the
commencement of this case and 16 days after borrowing $45,000 from First
Security Bank of Missoula, Debtors paid Defendant, their son, $2,000.00, leaving
an "amount still owing" of zero.  Main Docket #14, Statement of Financial
Affairs, ¶ 3.c (Payments to creditors – All debtors), p. 28.  Promissory Note
(September 4, 2010), attached to Discovery Responses in AP 10-00034 (First
Unnumbered Exhibit).  *See* Discovery Responses, Request for Admission #2, 3,
Responses.

7.  Debtors scheduled the value of their secured assets at $1,055,000.00 and of
personal property at $56,960.00.  Main Docket, #14, Summary of Schedules, p.1.

8.  Debtors claimed exemptions for assets totaling $178,494.00 Main Docket #14,
Schedule C, p. 10.

9.  Debtors listed secured debts of $1,192,972.00.  Main Docket, # 14, Summary
of Schedules, p. 1.

10.  Debtors listed unsecured debts of $717,311.96.  Main Docket # 14, Summary

3

of Schedules, pp. 1.

Attached to Plaintiff's Motion are Defendant's discovery responses. Defendant admitted receiving the transfer in the sum of $2,000.00 on September 20, 2008. Otherwise, Defendant denied requests for admissions of the elements of Plaintiff's § 547 claim, including denying that the transfer was made while Debtors were insolvent. Next, in his answer to Interrogatory No. 1, Alex explained in detail why he denied the requests for admission, stating that "[a]fter paying the $2,000, Defendant advanced an additional $10,000 to the Debtors out of Tomka and Sons." A copy of a check dated 12-5-08 in the amount of $10,000.00 made out to Avtonom Martushev, and signed by Alex, written on the Tomka & Sons Construction, Inc. ("Tomka") account at First Security Bank is attached to the discovery responses (Dkt. 10). The memorandum line has two words, the first of which is illegible and the second appears to be "Advance." Below that on the copy is handwritten the word "Advance Borrowed!" With respect to the element of insolvency, Defendant stated in his answer to Interrogatory No. 1 that insolvency depends on the valuation of Debtors' real estate at the time of the transfer, and that the real estate market in Ravalli County in 2008 and 2009 was marked by declining values, and thus Debtors' insolvency in 2008 is uncertain.

Defendant filed a Statement of Genuine Issues of Material Fact (Dkt. 15) setting forth the following:

I. After the transfer of $2,000.00 complained of in the Complaint the defendant transferred new value exceeding $2,000 to the debtor Avtonom Martushev.

1. On September 20, 2008, the Debtor Avtonom Martushev transferred $2,000 to Alex Martushev, his adult son. See complaint and answer.

2. On December 5, 2008, Alex Martushev advanced $10,000 to Avtonom

4

Martushev out of Alex's business Tomka & Sons.

3.  Schedule F of the debtors schedules shows that the debtors owe the defendant $10,000 on account of a loan made on December 5, 2008.

II.  Plaintiff has produced no evidence of insolvency and is asking the Court to speculate as to property values.

1.  The schedules, which were filed on April 20, 2009, indicate asset value of $1,111,690.00 and debts totaling $1,910,283.96.

2.  Schedule A reflects that most of the Debtors' asset value is in real estate, $1,055,000.00, all of which is located in Ravalli County, Montana.

3.  Plaintiff has offered no evidence of the value of the real estate at the time of any of the transfers complained of.

## SUMMARY JUDGMENT

Summary judgment is governed by F.R.B.P. 7056.  Rule 7056, incorporating FED.R.CIV.P. 56(c), states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial."  *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)).  The manner in which this burden is proven depends on which party has the burden on a particular claim or defense at the time of trial.

If the *moving* party will bear the burden of persuasion at trial, that party must support its motion with credible evidence–using any of the materials specified in Rule 56(c)–that would entitle it to a directed verdict if not controverted at trial. Such an affirmative showing shifts the burden of production to the party opposing

5

the motion and requires that party either to produce evidentiary materials that demonstrate the existence of a "genuine issue" for trial or to submit an affidavit requesting additional time for discovery. If the burden of persuasion at trial would be on the *non-moving* party, the party moving for summary judgment may satisfy Rule 56's burden of production in either of two ways. First, the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim. Second, the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 330-34, 106 S.Ct. 2548, 2557, 91 L.Ed.2d 265 (1986) (Brennan dissent) (citations omitted). *See also Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-06 (9th Cir. 2000) (discussing burdens for withstanding summary judgment).

When seeking summary judgment, the moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED. R. CIV. P. 56(e). *See also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute"). That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Moreover, "[a] party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

To demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible into evidence. *Aquaslide*, 85 B.R. at 547. All reasonable doubt as to the existence of genuine issues of material fact must be resolved against the moving party. *Liberty Lobby,* 477 U.S. at 247-48, 106 S.Ct. at 2509. However, "[d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv.*, 809 F.2d at 630 (citing *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense." *Id*.

If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied. *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 202 (1986). Thus, the Court's ultimate inquiry is to determine whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence. *T.W. Elec. Serv.*, 809 F.2d at 631. In the absence of any disputed material facts, the inquiry shifts to whether the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552-53.

## DISCUSSION

Plaintiff seeks to recover the $2,000 transfer which occurred on September 20, 2008, as a preference under § 547(b). The Plaintiff has the burden of proving the avoidability of transfers under § 547(b). 11 U.S.C. § 547(g). Section 547(b) authorizes the trustee to avoid "any transfer

of an interest of the debtor in property", which the Ninth Circuit explained as follows:

> The Bankruptcy Code permits a trustee to avoid any pre-bankruptcy transfer of a debtor's assets if the transfer: 1) is to or for the benefit of a creditor; 2) is for an antecedent debt owed by the debtor before the transfer; 3) is made while the debtor was insolvent; 4) is made within 90 days of the bankruptcy filing; and 5) enables the creditor to receive more than such creditor would have if the debtor liquidated and distributed the estate to all creditors 11 U.S.C. § 547(b)(1-5).

*In re Food Catering & Housing, Inc.*, 971 F.2d 396, 397 (9th Cir. 1992).

*See, also In re Powerine Oil Co.*, 59 F.3d 969, 971-72 (9th Cir. 1995), *cert. denied*, *Koch Oil Co. v. Committee of Creditors Holding Unsecured Claims Against Powerine Oil Co.*, 516 U.S. 1140, 116 S.Ct. 973, 133 L.Ed.2d 893 (1996). Section 547(b)(4)(B) extends the period from 90 days to 1 year if the creditor at the time of the transfer was an insider, and Alex does not contest that he is an insider as Debtors' son, as defined at 11 U.S.C. § 101(31)(A)(i).

Defendant's responses to Requests for Admissions Nos. 2 and 3 admit some of the elements of § 547(b), *viz.,* § 547(b)(1), (2), and (4). However, Defendant denies that the $2,000 transfer on September 20, 2008, was made while the Debtors were insolvent that is a required element under § 547(b)(3); and Defendant further denies Request for Admission No. 5 which asked him to admit that the transfer enabled him to recover more than he would have received as a creditor under Chapter 7, § 547(b)(5).

Under § 547(b)(3) the Plaintiff must show that the Debtors were insolvent on the date the transfers were made or became insolvent as a result of such transfers. *See, e.g., Wolkowitz v. Breath of Life Seventh Day Adventist Church (In re Lewis)*, 401 B.R. 431, 437 (Bankr. C.D. Cal.

2009).  Under the applicable "balance sheet" test debtors are insolvent when their liabilities

exceed their assets.  *Id.* at 437 n.9 (quoting *Sierra Steel, Inc. v. Totten Tubes, Inc. (In re Sierra*

*Steel, Inc.)*, 96 B.R. 275, 277 (9th Cir. BAP 1989)**.**  Section 101(32) of the Bankruptcy Code

defines "insolvent" to mean, with respect to individuals, "financial condition such that the sum of

such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of –

(i) property transferred, concealed, or removed with intent to hinder, delay or defraud such

entity's creditors; and (ii) property that may be exempted from property of the estate under

section 522 of this title ...."  *Lewis*, 401 B.R. at 437.

      The Plaintiff urges this Court to make an inference that the $2,000 transfer on September

20, 2008, was made to Alex while Debtors were insolvent.  Plaintiff argues that the Debtors were

insolvent on the date they filed their bankruptcy petition, and that applying the same values

roughly six months earlier to the date of the transfer would be reasonable.  Plaintiff also argues

that Debtors failed to provide or withheld information in their Schedules regarding the dates each

debt was incurred.  Because of those deficiencies, Plaintiff argues, the Court should conclude

from Debtors' Schedules that, based on the scheduled values of assets and liabilities, they were

insolvent at the time of the $2,000 transfer six months earlier.

      However, in resolving summary judgment motions the trial court does not weigh

evidence, but rather determines only whether a material factual dispute remains for trial.  *Covey*

*v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997).  Alex denied Request for

Admission No. 4 that the transfer was made while Debtors were insolvent, and his response to

Interrogatory No. 1 cites the declining real estate market and valuations during 2008 and 2009,

during which the $2,000 transfer to Alex took place.

In the Ninth Circuit a dispute is genuine if sufficient evidence exists for a reasonable fact finder to hold in favor of the non-moving party, and a fact is material if it might affect the outcome of the case. *Far Out Prods, Inc. v. Oskar*, 247 F.3d 986, 992 (9ᵗʰ Cir. 2001) (citing *Anderson v. Liberty Lobby*, 477 U.S. at 248-49). Applying this standard, the fact of insolvency is material since it is one of the specific factors required to be proven for Plaintiff's claim based on § 547(b)(3). It must also be noted that the Debtors are not defendants in this adversary proceeding, Alex is, and it seems unfair at this stage of this proceeding to make an inference against Alex based on the Debtors' Schedules[1].

The Court concludes, based upon the general decline in the real estate market during the period in question, that sufficient evidence exists for a reasonable fact finder to hold in favor of the non-moving party on the issue of insolvency, so a genuine issue of material fact exists with respect to insolvency. Therefore the Plaintiff's Motion for Summary Judgment must be denied.

## CONCLUSIONS OF LAW

1.  This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334 and 157.

2.  This is a core proceeding to determine, avoid, and recover a preference under § 157(b)(2)(F) and § 547(b).

3.  Plaintiff failed to satisfy her burden to show an absence of genuine issue of material fact under F.R.B.P. 7056 (applying Fed. R. Civ. P. 56) on the issue of whether Debtors were

---

[1]With respect to the Trustee's argument that Debtors withheld information from their Schedules and made a calculation of insolvency impossible, the Court notes that the a Discharge of the Debtors was entered in the main case on August 18, 2009. The Trustee did not seek denial of Debtors' discharge under 11 U.S.C. § 727(a) based upon their withholding or concealment of information, or false oaths, in their Schedules.

10

insolvent on the date the transfer was made under 11 U.S.C. § 547(b)(3).

**IT IS ORDERED** a separate Order shall be entered in conformity with the above,

denying Plaintiff's Motion for Summary Judgment.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana